Joe Moseley Boone County Prosecuting Attorney Boone County Courthouse Columbia, Missouri 65201
Dear Mr. Moseley:
This opinion is in response to your questions asking:
 1. Are deputy juvenile officers employed by the Juvenile Division of the Circuit Court for the Thirteenth Judicial Circuit "appointees or employees" within the meaning of Section 105.711 RSMo. and therefore covered by the State Legal Expense Fund?
 2. Are juvenile detention facility personnel appointed by the Juvenile Division of the Circuit Court "appointees or employees" within the meaning of Section 105.711 RSMo. and therefore covered under the State Legal Expense Fund?
Section 105.711 as enacted by Conference Committee Substitute for House Committee Substitute for Senate Bill No. 765, 85th General Assembly, Second Regular Session (1990) provides in pertinent part:
 105.711. Legal expense fund created — officers, employees, agencies, certain physicians covered, procedure — certain claims, limitations — funds not transferable to general revenue. — 1. There is hereby created a "State Legal Expense Fund" which shall consist of moneys appropriated to the fund by the general assembly and moneys otherwise credited to such fund pursuant to section 105.716.
 2. Moneys in the state legal expense fund shall be available for the payment of any claim or any amount required by any final judgment rendered by a court of competent jurisdiction against:
* * *
 (2) Any officer or employee of the state of Missouri or any agency of the state, including, without limitation, elected officials, appointees, members of state boards or commissions and members of the Missouri national guard upon conduct of such officer or employee arising out of and performed in connection with his or her official duties on behalf of the state, or any agency of the state, provided that moneys in this fund shall not be available for payment of claims made under chapter 287, RSMo; or
* * *
Section 211.351, RSMo 1986, provides for the appointment of juvenile court personnel:
 211.351. Juvenile officers, appointment — costs paid, how. — 1. The juvenile court shall appoint a juvenile officer and other necessary juvenile court personnel to serve under the direction of the court in each county of the first and second class and the circuit judge in circuits comprised of third and fourth class counties
 (1) May appoint a juvenile officer and other necessary personnel to serve the judicial circuit; or
 (2) Circuit judges of any two or more adjoining circuits may by agreement, confirmed by judicial order, appoint a juvenile officer and other necessary personnel to serve their respective judicial circuits and in such a case the juvenile officers and other persons appointed shall serve under the joint direction of the judges so agreeing.
 2. In the event a juvenile officer and other juvenile court personnel are appointed to serve as provided in subdivisions (1) and (2) of subsection 1, the total cost to the counties for the compensation of these persons shall be prorated among the several counties and upon a ratio to be determined by a comparison of the respective populations of the counties.
Section 211.393, RSMo 1986, provided for payment of salaries and expenses of all juvenile court personnel from city or county funds with the exception of the juvenile officer; that position was funded by the State of Missouri. However, Section211.393 has since been amended by House Substitute for Senate Committee Substitute for Senate Bill No. 622, 84th General Assembly, Second Regular Session (1988) and by Conference Committee Substitute for Senate Substitute for House Committee Substitute for House Bills Nos. 502, 503 130, 85th General Assembly, First Regular Session (1989). It now provides as follows:
 211.393. State to pay juvenile officers, limitation — state to reimburse salaries of all other juvenile court personnel — phase-in program how computed — limitation — audit authorized. — 1. The salaries and expenses of all juvenile court personnel in circuits composed of a single county of the first class, in any circuit in which one county is a first class county, and in the city of St. Louis are payable monthly out of county or city funds, as the case may be, except that the salary of the juvenile officer of any such circuit in which he is engaged full time is payable in installments, as provided by law, by the state of Missouri, but not to exceed the annual sum provided pursuant to section 211.381. The payment by the state of Missouri shall be made to either the juvenile officer, or to the county or the city of St. Louis.
 2. In circuits, other than those specified in subsection 1 of this section, the salaries and expenses are payable monthly out of the county funds and prorated among the several counties served upon a ratio determined by a comparison of the respective populations of the counties involved; except that, the salary of the juvenile officer of any such circuit in which he is engaged full time is payable in installments, as provided by law, by the state of Missouri, but not to exceed the annual sum provided pursuant to section 211.381.
 3. In any circuit specified in subsection 2 of this section, the state shall, beginning on August 13, 1988, reimburse to the counties of the circuit the salary of a chief deputy juvenile officer and one deputy juvenile officer, class 1. The salaries of such officers, as provided in subsections 1, 2, and 3 of section 211.381, shall be reimbursed to the counties of the circuit by the state of Missouri.
 4. In addition to any amount paid pursuant to subsection 1 of this section, the state shall also reimburse, subject to appropriations, the following percentages of the salaries of all other juvenile court personnel, excluding fringe benefits:
* * *
 If a circuit is comprised of more than one county, any request for reimbursement shall also include a statement in a form as prescribed by the commissioner of administration to indicate how much of the reimbursable expenses of the juvenile court were paid by each county in the circuit.
 5. The last reimbursement for salary increases under subsection 3 of this section as it existed immediately prior to August 13, 1988, shall be made for the period ending on December 31, 1988. After January 1, 1989, reimbursement shall be made to the counties for their actual personnel expenditures under the provisions of this section for each calendar year however, no county shall receive any reimbursement in an amount less than the amount received by such county or the amount the county was entitled to receive, whichever was greater, for the period ending on December 31, 1988. The office of administration shall make payment for the reimbursement from appropriations made for that purpose on or before July fifteenth of each year following the calendar year in which the salaries were paid. If more than one county contributed to the expenses of a juvenile court, each of such counties shall be reimbursed in the same proportion as its contribution.
 6. The term "salaries of all juvenile court personnel excluding fringe benefits" for which the state will reimburse the counties at the percentages specified in this section means the salary provided in subsections 1, 2, and 3 of section 211.381 for a chief deputy juvenile officer and one deputy juvenile officer, class 1, and all other full-time juvenile court personnel included in the initial county budget for calendar year 1988, but excluding all fringe benefits for such personnel. Each county shall file a copy of its initial 1988 budget with the office of administration. The office of administration shall submit the information from the budgets relating to full-time juvenile court personnel from each county to the general assembly. Increases in salary of such full-time juvenile court personnel may be made and paid by the various counties, but, except for the salary of a chief deputy juvenile officer and one deputy juvenile officer, class 1, where authorized, the state shall not reimburse the counties for such increases beyond the number of full-time juvenile court personnel authorized initial county budgets for calendar year 1988, at the salary levels authorized in such budgets that are paid by the state plus any adjustments provided in subsections 2 and 3 of section 211.381, unless an appropriation for such increased reimbursement is requested from the office of administration and made by the general assembly as separate, identifiable appropriation line items. All appropriations shall conform to the percentages specified in this section. All state funds for reimbursement of counties paid pursuant to the provisions of this section shall be used only for juvenile court personnel salaries and for no other purpose.
 7. The state auditor may audit any county or judicial circuit to verify compliance with the requirements of subsections 4 to 6 of this section, including an audit of the 1988 budget of any county. [Emphasis added.]
In Attorney General Opinion No. 34-85, a copy of which is enclosed, we concluded that circuit clerks, other than the Circuit Clerk of the City of St. Louis, the Circuit Clerk of St. Louis County, and the Court Administrator of Jackson County, come within the provisions of the State Legal Expense Fund. This conclusion was based on Section 483.083.7, RSMo Supp. 1984, which expressly stated "[t]he compensation of all circuit clerks shall be paid by the state and they shall be considered state employees. . . ." Section 211.393, RSMo Supp. 1989, does not expressly provide that deputy juvenile officers or other juvenile court personnel are state employees.
In Cates v. Webster, 727 S.W.2d 901 (Mo. banc 1987), a case involving eligibility to a circuit court bailiff for coverage under the State Legal Expense Fund, the Missouri Supreme Court recognized:
 the Attorney General's office has represented those persons holding positions within the circuit court level of the judicial system whose salaries and fringe benefits are provided from state funds.
These have included circuit judges, circuit clerks, deputy circuit clerks, court reporters for circuit courts, and juvenile officers. On the other hand the Attorney General has refused to represent those not compensated from state funds, such as deputy juvenile officers. . . . [Emphasis added.]
Id. 727 S.W.2d at 903.
The court concluded that Missouri statutes, using Section483.083 concerning compensation of circuit clerks as an example, "exhibit a legislative intent, in apportioning duties and liabilities between the state and counties, to consider as state employees those judicial personnel paid by the state and to consider as nonstate employees those judicial personnel paid by the county." Id., 727 S.W.2d at 905-906. Therefore, although the circuit court bailiff was controlled exclusively by the circuit court, the Missouri Supreme Court concluded he was a county, rather than state, employee since his position was wholly funded by the county. Id. at 907.
We conclude that a deputy juvenile officer and juvenile detention facility personnel are not covered by the State Legal Expense Fund despite the funding provided for in Section211.393. Section 211.393.6, defines the term "`salaries of all juvenile court personnel excluding fringe benefits' for which the state will reimburse the counties" as "the salary provided in subsections 1, 2, and 3 of section 211.381 for a chief deputy juvenile officer and one deputy juvenile officer, class 1, and all other full-time juvenile court personnel included in the initial county budget for calendar year 1988, but excluding allfringe benefits for such personnel." [Emphasis added.]
As we stated in Attorney General Opinion No. 25-90, a copy of which is enclosed:
 Although Section 211.393 provides state reimbursement toward salaries of other juvenile court personnel, such section specifically excludes all fringe benefits for such personnel. We conclude that the legislature intended that the State's contribution be limited to salary of juvenile court personnel other than the juvenile officer. Therefore, other juvenile court personnel are not state employees. . . .
Attorney General Opinion No. 25-90, page 12.
In summary, there is no statutory provision stating that the employees about which you inquire are state employees. Section 211.393 specifically excludes all fringe benefits for such employees. As a result, the employees referred to in your questions are not under the State Legal Expense Fund.
CONCLUSION
It is the opinion of this office that deputy juvenile officers and juvenile detention facility personnel are not covered by the State Legal Expense Fund, Section 105.711, RSMo.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 34-85 Opinion No. 25-90